# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br>  v.<br><br>SHAWN HOLIDAY,<br><br>                   Defendant. | Case No. 09cr3393 BTM<br><br>**ORDER DENYING SECOND MOTION TO DISMISS § 851 INFORMATION** |

Defendant Shawn Holiday has filed a second motion to dismiss the § 851 Information. Defendant's motion is DENIED.

Defendant argues that the record does not contain a factual basis upon which to conclude that he pled guilty to a felony drug offense that would subject him to enhanced penalties under 21 U.S.C. § 841(b)(1)(B). Defendant's argument fails because, for the reasons set forth in the Court's Order of August 23, 2011, Defendant's conviction under Cal. Heath & Safety Code § 11359 *categorically* qualifies as a felony drug offense.[1] Accordingly,

---

[1] Prior to amendment in 2011, Cal. Health & Safety Code § 11359 provided: "Every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment in the state prison." California Health & Safety Code § 11362 defined a "felony offense" as "an offense for which the law prescribes imprisonment in the state prison as either an alternative or the sole penalty, *regardless of the sentence the particular defendant received*." (Emphasis added.) California Penal Code § 18 provided: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years."

there is no need to apply the Taylor modified categorical approach (Taylor v. United States, 495 U.S. 575 (1990)) and examine judicially-noticeable documents to determine the factual predicate of Defendant's guilty plea.

Defendant again argues that the state court reduced his offense to a misdemeanor. However, the record does not support Defendant's claim. Defendant pleaded guilty to violating Cal. Health & Safety Code § 11359 and was convicted thereunder. Regardless of what sentence the state court actually imposed, the offense was a felony drug offense.

Defendant also agues that he *thought* he was pleading guilty to a misdemeanor and that fairness requires that his reasonable expectations be taken into account. This Court does not have the ability to set aside Defendant's guilty plea or amend the judgment of conviction to conform to Defendant's expectations. The relevant facts before the Court are that Defendant pleaded guilty to violating Cal. Health & Safety Code § 11359, which qualifies as a "felony drug offense," and was convicted of such offense. Therefore, Defendant is subject to enhanced penalties under 21 U.S.C. § 841(b)(1)(B), and his second motion to dismiss the § 851 Information is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 19, 2011

_____
Honorable Barry Ted Moskowitz
United States District Judge